CHARLES W. SANDERS *vs.* TOWN COUNCIL OF THE TOWN OF WARREN.

JUNE 20, 1910.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1)  *Police Officers. Removal. Charges. Certiorari.*

Public Laws cap. 1290, January session, 1905, provides that a police officer of the town of Warren shall be subject to removal by the council at any time for misconduct or incapacity of such a character as may be deemed a disqualification for office, upon charges in writing of which the officer shall have had notice and opportunity to be heard:—

*Held,* that a charge that the officer "has shown such incapacity in carrying on the business of said office, and in the performance of the duties thereof, as to disqualify him for office," was insufficient to apprise the officer of the ground upon which his removal was sought so that he might prepare his defence.

Following *Reynolds* v. *Mayor of Pawtucket,* 23 R. I. 370.

Sweetland, J., dissenting.

CERTIORARI.    Heard on motion for writ and granted.

BLODGETT, J.    The petitioner seeks a writ of *certiorari* to quash the record of the action of the respondents, at a meeting held on January 25, 1910, removing him from the office of chief of police and member of the permanent police force of the town of Warren, and contends therein that the charges preferred were insufficient to inform him of the nature of the accusation he must defend against.

The charge is as follows:  "That said Charles W. Sanders, chief of police as aforesaid, has shown such incapacity in

carrying on the business of said office of chief of police and as a member of the permanent police force of this town, and in the performance of the duties thereof, as to disqualify him for both of said offices."

The petitioner filed a protest, because of the insufficiency of the charge, with the council, before the hearing, which was overruled, and he thereupon refused to offer evidence or to participate in the examination of witnesses offered against him.

So much of said chapter 1290, Pub. Laws, passed January session, 1905, as is material to this inquiry is as follows:

"Section 1. The town council of the town of Warren may appoint so many and such police officers, including the chief of police, for service in said town as by ordinance the said council may from time to time determine, which said officers, including those already appointed, shall hold their respective offices until vacated by death or resignation, except as hereinafter provided; and the president of said council may at any time suspend any such officer from his office until the adjournment of the next meeting of said council, at which meeting he shall report any and all such suspensions, with his reasons therefor; *Provided, however,* that any one or more of the police officers so appointed shall be subject to removal from office by the said council at any time, for misconduct or incapacity of such a character as the said council may deem a disqualification for said office; and all such removals shall be by the said council upon charges made in writing; and of which the officer complained of shall have notice and opportunity to be heard thereon: *Provided, further, however,* that nothing in this section shall be construed to apply to any police officer or constable other than the members of the paid police department of said town of Warren."

(1) We are of the opinion that the case at bar is controlled by the case of *Reynolds* v. *Mayor and Aldermen of Pawtucket*, 23 R. I. 370 (1901), in which it was sought to remove a police officer in Pawtucket. In holding in that case that no charges had been preferred against the officer, the court said: "A trial of an officer upon charges is analogous to a criminal complaint to this

extent, at least—that the accused should be informed of the charge, so that he may know beforehand what the particular offence is with which he is charged and be able to prepare his defence. As said in *State* v. *Spink*, 19 R. I., 353: 'The charge must be sufficiently explicit to support itself.' . . . Although it is not to be expected that charges will in all cases be framed with the technical exactness required in criminal pleading, they should certainly show that charges are made and what they are with sufficient clearness to inform the accused of the matter for which he is to be tried. It is not difficult to set forth charges in simple and definite form, such as: Conduct amounting to a disqualification for his office in this (that he did thus)."

The court have thus indicated what the charges should contain.

In the case at bar it is not even specified whether the "incapacity" charged was physical, as comprising loss of limbs or of sight or hearing, or other bodily defect, or was mental in its nature, or both, and is clearly insufficient to apprise the petitioner of the ground upon which his removal is sought so that he may prepare his defence. That it is difficult to define and specify and prove what constitutes "incapacity" does not relieve the respondents from the rule of law governing proceedings of this nature. The petitioner seasonably objected on this ground, and if it was desired to proceed he should at least have been furnished with a bill of particulars.

The writ will issue, as prayed.

SWEETLAND, J., dissenting. I do not agree with the opinion of the majority of the court.

In *Reynolds* v. *Mayor and Aldermen of Pawtucket*, 23 R. I. 370, this court has laid down the rule that in proceedings before town councils for the removal of police officers, the charge is analogous to, and should have the particularity of, a criminal complaint. No greater particularity is required than in charging a criminal offence. That rule constitutes a perfectly reasonable requirement, provides a proper form of procedure on the

part of town councils, and sufficiently protects the rights of respondent police officers. That rule having been announced for the guidance of town councils, it should be consistently followed by this court, the well-recognized distinctions of criminal pleading should not be disregarded, and when in a particular case a town council has complied with the requirements of criminal procedure, more should not be demanded of it.

In the act authorizing the establishment of a permanent police force in the town of Warren, it is provided that members of said force may be removed by the town council, upon charges in writing, either for misconduct or for incapacity. Under the statute, incapacity, which may exist without the commission of acts of misconduct in office, is made a cause for removal. Incapacity is evidenced, and its existence may be established, by many separate acts and circumstances. These acts and circumstances do not constitute the offence, and a statement of them is not a part of its definition; they are pieces of evidence by which the incapacity is shown. The charge preferred by the town council sets forth the allegation of incapacity on the part of Charles W. Sanders in the business of his office. Upon the analogy of a criminal complaint the charge states with certainty a ground for removal as provided in the statute. To go farther and to set out the various circumstances wherein the incapacity has been shown would be to incorporate the evidence in the complaint, and this is not demanded by, and is in violation of, correct criminal pleading.

The petitioner for the writ has failed to distinguish the requirements of pleading in the two distinct classes of criminal offences, *i. e.*, those which consist of positive criminal acts and those which consist of a condition, state, or habit which the law regards as criminal. Of the first class larceny and assault are examples; of the second, being a common barrator or a common gambler are examples. In complaints for the first class of offences it is necessary to set out the criminal act with particularity, because the particular act constitutes the offence. In the second class, a statement of the condition, state or habit

is a correct pleading of the offence, and to go beyond that would be to state the evidence in the complaint.

The different grounds upon which members of the police force of Warren may be removed presents the same distinction. The charge of misconduct corresponds to that class of criminal offences to which assault belongs. The charge of incapacity is the allegation of a condition. The statement of incapacity in office sufficiently defines the ground for which the removal is sought, and upon the analogy of a criminal complaint describes the identity, and is therefore a correct charging of the offence.

If it appears that to prepare his defence the officer should have more definite information as to the charge, he should ask for a bill of particulars, in accordance with the well-known practice in criminal procedure; but it was never considered necessary to dismiss a complaint which sufficiently defines an offence because the respondent might be entitled to a bill of particulars.

It should be observed that in *Reynolds* v. *Mayor, etc.*, 23 R. I. 370, the complaint against the officer was for misconduct in office, and it was proper to require that the acts complained of should be particularly set forth in the charge.

I do not think that the language of the majority of the court, quoted below, exactly states the position of the respondent town council,—"That it is difficult to define and specify and prove what constitutes 'incapacity' does not relieve the respondents from the rule of law governing proceedings of this nature. The petitioner seasonably objected on this ground, and if it was desired to proceed he should at least have been furnished with a bill of particulars." I do not understand that the respondent defends the form of its charges by a claim of difficulty in defining "incapacity," but contends, rather, that a statement of it is sufficient definition; nor does it suggest that there was difficulty in proving facts at the hearing which established incapacity in the petitioner. If, properly, the town council could have proceeded upon furnishing a bill of particulars then the writ should not issue; for a complainant is not at fault in failing to furnish a bill of particulars until one

has been asked for, and the office of such a bill is to furnish particulars of a charge correctly pleaded.

The distinction in the rules of criminal pleading which I have endeavored to point out has been recognized by this court. Our common form of complaint and indictment charging the keeping of a common nuisance in the language of the statute is an example of the correct allegation of a series of acts without the specification of the particular acts which will establish the guilt of the accused at the trial: *State* v. *Plastridge*, 6 R. I. 76: *State* v. *Tracey*, 12 R. I., 216; *State* v. *Hill*, 13 R. I. 314. In *State* v. *Russell*, 14 R. I., 506, this court held that a complaint against a woman for being "a common night walker" is sufficient, because "the offence does not consist of particular acts but of an habitual practice evidenced by a series of acts. * * * If, for the purposes of defence, the accused needs more definite information than the record affords, she should ask for a bill of particulars, which, of course, in so far as the offence is capable of being particularized, ought to be and would be supplied. Wharton's Crim. Plead. & Prac. § 155." This rule of criminal pleading is followed in the courts of Massachusetts. It is sufficient to charge a person with being a common barrator, or a common scold, without setting forth the particular acts of barratry or scolding. So also to charge a person generally with keeping a house of ill fame, a disorderly house or a common gambling house, or with being a common seller of spirituous liquors or a common railer and brawler. *Commonwealth* v. *Davis*, 11 Pick. 432; *Commonwealth* v. *Pray*, 13 Pick. 359; *Commonwealth* v. *Wood*, 4 Gray, 11; *Commonwealth* v. *Parker*, 4 Allen, 313; *Stratton* v. *Commonwealth*, 10 Met. 217; also *State* v. *Dowers*, 45 N. H., 543.

I am of the opinion that the writ should not issue.

*Cooney & Cahill*, for petitioners.

*George L. Cooke, Tillinghast & Collins*, for respondents.